## Case No. 7,624.
### The KATHLEEN.
[2 Ben. 458.] [1]

District Court, S. D. New York. June, 1868.

BOTTOMRY—AUTHORITY OF MASTER—NECESSITY FOR REPAIRS.

1. Where a British vessel, bound to New York, put into Ship Harbor, Nova Scotia, in distress,

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

and her master, who was half owner, had her repaired, and, having no means to pay for the repairs, borrowed money at Halifax, on a bottomry of the vessel, having telegraphed to the other part owner of the vessel in Canada, but not having been able to procure the funds he needed except by the bottomry: Held, that the master had the right to create a bottomry on his own interest in the vessel, without the existence of any necessity for doing so.

2. As to the interest of his co-owner, it was no objection to the bottomry, that the loan was effected after the repairs were made and the supplies furnished.

3. The necessity for the repairs being shown, it was for the claimant to show that the money could have been obtained otherwise than by bottomry, if he would defend against the bond.

This was a libel filed by John Taylor, of Halifax, in Nova Scotia, to recover the amount of a bottomry bond executed at Halifax, on the 3d of June, 1865, by Henry Barthe, master and half owner of the barkantine Kathleen, to the libellant, upon the vessel, to secure the payment of $3,240 lawful money of Nova Scotia, within ten days after the safe arrival of the vessel at New York, being for $2,700 lawful money of Nova Scotia, with 20 per cent. premium. The bond recited that Barthe, part owner and master of the vessel, then in prosecution of a voyage from Halifax to Lingan or Cow Bay, in the Island of Cape Breton, and thence to New York, was necessitated to take up, upon the adventure of the vessel, the $2,700, for setting the vessel to sea, in consequence of her having run on shore at Little Dover, and heavy expenses having been incurred in getting her off and repairing her, and making her fit to continue the voyage, and discharging the lien thereon for said expenses and repairs, and that the libellant had, at the request of Barthe, lent and supplied to him said sum, at the rate of $120 for every $100 advanced during said voyage. The libel averred that the vessel, while on said voyage, in May or June, 1865, ran on shore at Little Dover, and was greatly injured; that she was taken off at considerable expense, and put into Ship Harbor, in the Strait of Canso; that heavy expenses were incurred in getting her off and repairing her, and making her fit to continue the voyage, and in discharging the lien thereon for said expenses and repairs; that Barthe, the master and part owner of the vessel, being a stranger at Halifax, and being in want of money to pay for the repairs of the vessel and fit her for sea, and furnish her with provisions and other supplies necessary for the prosecution of his intended voyage, and having no other means of procuring the same, borrowed from the libellant, with the commission thereon, $3,240, lawful money of Nova Scotia, upon the bottomry of the vessel, and that said sum was advanced and paid accordingly; that the said sum of $3,240 was advanced and paid by the libellant to the master for said purpose, and was necessary therefor, and that the vessel could not otherwise have sailed from Ship Harbor; and that the ves-

sel arrived at New York on the 19th of July, 1865. The libel was sworn to and filed on the 7th of August, 1865. The other half owner of the vessel was a person named Lucia, of Sorel, in Canada. A claim by one Charlton, as sole owner, was sworn to and put in by him, on the 14th of August, 1865. He put in an answer to the libel, averring his sole ownership of the vessel on the 27th of September, 1865, when the answer was sworn to by him. His claim and answer averred that he was in possession of the vessel when she was seized. His answer consisted of a general denial of the material allegations of the libel. The ground taken in defence was, that no necessity was shown for the advance of the money, and that the master did not send to Canada to see if he could procure the money he needed, and that, as the vessel was a British vessel, in a British port, the master belonging in Montreal, the bottomry was not authorized.

Martin & Smith, for libellant.

Beebe, Dean & Donohue, for claimant.

BLATCHFORD, District Judge. The master had an undoubted right to create a bottomry on his own interest in the vessel, without the existence of any necessity for doing so (1 Pars. Mar. Law, 410, 411, and cases there cited). So far as the interest of his co-owner was concerned, the evidence shows that the repairs, fitments, and supplies were necessary for the vessel; that the money was lent on the bottomry bond in good faith, for the purpose of paying for those repairs, fitments, and supplies, and the necessary wages of the seamen, and was applied to those purposes; that the debts to which the money was applied were incurred on the credit of the vessel; and that the loan was indispensable to relieve her from the charges. Therefore, it is no objection to a recovery on the bond, that the loan was effected after the repairs and fitments were made and the supplies were furnished. The Yuba [Case No. 18,193].

The evidence shows that the master communicated from Halifax by telegraph with his friends in Canada, to see if he could procure the funds he needed, but that he was unable to do so except by resorting to the bottomry. I think that the bottomry was justifiable, although the vessel was a Canadian vessel in the British port of Halifax. No evidence has been introduced on the part of the claimant to show that the money could have been obtained in some other way. The necessity for the repairs and supplies being shown, it is for the claimant to establish such a defence. The Virgin, 8 Pet. [33 U. S.] 538, 550. The reasonableness of the maritime rate of interest, 20 per cent., stipulated for by the bond, is sufficiently shown by the evidence.

The libellant is entitled to a decree for the $2,700 advanced by him, with 20 per cent. interest thereon, being in all $3,240, lawful money of Nova Scotia, with interest thereon at the rate of 7 per cent. per annum, from July 29th, 1865, being ten days after the vessel arrived at New York.